UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA GILLIAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:07CV1076-WKW |
| | ) | |
| SERVICE MASTER, doing business as | ) | |
| TERMINIX INTERNATIONAL, | ) | |
| | ) | |
| Defendant. | ) | JURY DEMAND |
| | ) | |

## COMPLAINT

Comes now Plaintiff Patricia Gilliand (hereinafter, "Gilliand") against the above-captioned defendant, Service Master, doing business as, Terminix International (hereinafter, "Terminix"), and the individually named defendant, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Gilliand files this Complaint and invokes the jurisdiction of this Court under and by virtue of the American Disability Act of 1990, 42 U.S.C. §12101, to obtain compensatory and punitive damages as well as injunctive and declaratory relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly American Disability Act of 1990, (42 U.S.C. §12101 et seq.).

2. Jurisdiction is proper in the United States District Court as a consequence of Gilliand's having received a Notice of Right to Sue pursuant to his charge of discrimination filed with the EEOC. This action is timely filed.

3. The violations of Gilliand's rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the

State of Alabama. Terminix is a corporation and has a place of business and does business within Montgomery County in the Middle District of Alabama. Venue is thus proper in the Middle District of Alabama.

## PARTIES

4. Gilliand, who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Autauga County, Alabama. Gilliand is a White female employee with Terminix and is 58 years of age.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to Gilliand's rights and for a permanent injunction, restraining Terminix from maintaining a policy, practice, custom or usage of discrimination against Gilliand because of her disability with respect to employment, promotion, compensation, terms, conditions and privileges of employment. The Complaint also seeks restitution to Gilliand of all rights, privileges, benefits and income that would have been received by Gilliand but for Terminix's unlawful and discriminatory practices. Further, Gilliand seeks compensatory and punitive damages for the wrongs alleged herein.

6. Gilliand avers that Terminix denied her rights under the laws of the United States of America and that such actions by Terminix promoted a hostile work environment under which conditions were continually alleged, yet no remedy and/or policy was given.

7. Gilliand avers that the actions of Terminix were intended to specifically deny her rights because she has a disability due to hearing loss.

8. As a proximate result of the illegal actions alleged above, Gilliand has been damaged in that she has been deprived of employment, pay, benefits, and other emoluments of

employment as well as suffering through the embarrassment and harassment that came from her supervisor.

9. As a direct and proximate result of the aforesaid acts of Terminix, Gilliand has suffered loss of employment, elevated status, pay, and benefits, has suffered great mental anguish from then until now, and will continue to suffer in the future, and has been greatly humiliated.

10. Gilliand avers that Terminix acted willfully, knowingly and purposefully with the specific intent to deprive Gilliand of her rights as alleged above and to cause Gilliand mental anguish and public ridicule because of her disability and that the Defendants acted recklessly, wantonly, and in knowing violation of Gilliand's substantial rights, knowing that she was substantially certain to suffer as a consequence.

## FACTS

11. Gilliand worked in Terminix's Montgomery office from August 12, 2002, until her resignation on April 16, 2007.

12. Sales manager of the branch is Johnny Walker and the branch manager is Danny Philips.

13. In various events at the Terminix site, Walker stated that Gilliand "needed to get the wax out of her ears".

14. Continuous insults and harassment on a verbal level were given to Gilliand between the periods of August 2002 to April 2007.

15. Gilliand, in trying to alleviate the stress and burden of working in a hostile environment, reverted to talking to Walker's supervisor who is Philips.

16. Philips told Gilliand that there was nothing he could do in relation to Walker's conduct and in turn told Gilliand "to just live with the insults".

17. According to the Terminix policy of harassment prevention, the associate's responsibility is to report any complaint to his or her manager or human resources department.

18. Gilliand made contact with Walker as well as Philips with respect to the report of harassment.

19. Gilliand, in turn, put total trust in Philips' ability to alleviate a hostile work environment by reference to the harassment policy that is distributed to all employees.

20. Philips did not report the acts of harassment to human resources as outlined in the harassment policy.

21. Philips took no other steps to end the harassment.

22. The harassment did not end.

23. Eventually the harassment was so pervasive that Gilliand could no longer tolerate the abuse.

24. Gilliand resigned her position on April 13, 2007.

## CAUSES OF ACTION

25. Gilliand expressly adopts as to each cause of action as if set forth therein the averments of each of the foregoing paragraphs.

## COUNT I – DISABILITY DISCRIMINATION UNDER 42 U.S.C.A. § 12101, et seq.

26. Plaintiff is a member of a protected class, disabled, in that she has a physical condition which substantially impairs a major life activity, hearing.

27. Plaintiff was highly qualified for the position she held, and she was performing each and every essential function of her job to her employer's reasonable satisfaction.

28. Plaintiff was subjected to disparate treatment and adverse employment actions, harassment, to which similarly situated members of a non-protected class were not, and would not have been, subjected.

29. The treatment complained of was because of her disability, deafness.

30. The treatment complained of consisted of harassment which was so severe and so pervasive that no reasonable person would have found it tolerable.

31. Plaintiff found the said harassment so intolerable that she was forced to resign her position.

32. Plaintiff's resignation constituted a constructive termination.

33. Plaintiff has been damaged thereby in that she has been deprived of title, authority, responsibility, position, status, prestige, esteem, pay, benefits, and opportunity for advancement. In addition, she has been embarrassed, humiliated, deprived of meaningful work, and has been caused to suffer great stress, mental anguish, emotional distress, loss of self-esteem, and loss of enjoyment of living.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff demands judgment in her favor and against the defendant as follows:

A. Plaintiff prays that the Court will enter a declaratory judgment that the discriminatory practices complained of herein are unlawful and violative of the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq.;

B. Plaintiff prays that the Court will permanently enjoin the defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices shown to be in violation of applicable law;

C. Plaintiff prays that the Court will order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law;

D.  Plaintiff demands Compensatory damages in an amount yet to be ascertained or, in the alternative, nominal damages;

E.  Plaintiff prays that the Court will grant such other, further and different monetary relief, including such equitable relief as back pay and reinstatement or, in lieu of reinstatement, front pay, as this Court may deem just and proper;

F.  Plaintiff prays that the Court will grant her the cost of this action including reasonable attorney's fees.

RESPECTFULLY SUBMITTED, this 10th day of December, 2007.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE**

_____
ANDY NELMS (NEL022)
Attorney for Plaintiff

LAW OFFICES OF JAY LEWIS, LLC
847 South McDonough St. (36104)
PO Box 5059
Montgomery, AL 36103
334-263-7733 (Voice)
334-832-4390 (Telefax)

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001504
Cashier ID: brobinso
Transaction Date: 12/11/2007
Payer Name: ANDERSON NELMS AND ASSOC LLC
-----------------------------------
CIVIL FILING FEE
 For: ANDERSON NELMS AND ASSOC LLC
 Case/Party: D-ALM-2-07-CV-001076-001
 Amount:         $350.00
-----------------------------------
CHECK
 Check/Money Order Num: 1259
 Amt Tendered: $350.00
-----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00
```