IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA GILLIAND, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO: |
| | ) CV-2007-1076-WKW |
| SERIVICEMASTER, doing business as | ) |
| TERMINIX INTERNATIONAL | ) |
| | ) |
| DEFENDANT. | ) |

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Comes now The Terminix International Company Limited Partnership[1] ("Defendant"), and answers the Complaint filed against it in this action as follows:

**ANSWER**

Defendant responds to the corresponding numbered paragraphs of the Complaint as follows:

**JURISDICTION AND VENUE**

1.      Defendant admits that this Court has subject matter jurisdiction of this case, but denies that it is liable to Plaintiff under any statute or other law.  Except as expressly admitted herein, Defendant denies the averments of paragraph 1.

2.      Defendant admits that this Court has subject matter jurisdiction of this case. Except as expressly admitted herein, Defendant denies the averments of paragraph 2.

3.      Defendant admits that it is a corporation and that it has a place of business and does business within Montgomery County, Alabama and that venue is proper in the Middle

---

[1] The defendant is improperly named in the Complaint and the proper name of the entity is The Terminix International Company Limited Partnership.

1628683 v1

District of Alabama. Except as expressly admitted herein, Defendant denies the averments of paragraph 3.

## PARTIES

4.  Defendant admits that Plaintiff is over 19 years of age, is a citizen of the United States and is a white female. Except as expressly admitted herein, Defendant denies the averments of paragraph 4.

## NATURE OF PROCEEDINGS

5.  Defendant denies the averments of paragraph 5 and specifically denies that plaintiff is entitled to the relief requested or to any other relief from defendant.

6.  Defendant denies the averments of paragraph 6.

7.  Defendant denies the averments of paragraph 7.

8.  Defendant denies the averments of paragraph 8.

9.  Defendant denies the averments of paragraph 9.

10. Defendant denies the averments of paragraph 10.

## FACTS

11. Defendant admits that Plaintiff began employment with Defendant on August 12, 2002 and resigned on April 13, 2007. Except as expressly admitted herein, Defendant denies the averments of paragraph 11.

12. Defendant admits the averments of paragraph 12.

13. Defendant denies the averments of paragraph 13.

14. Defendant denies the averments of paragraph 14.

15. Defendant denies the averments of paragraph 15.

16. Defendant denies the averments of paragraph 16.

17.     Defendant admits that the Plaintiff was responsible for reporting any alleged harassment and that she was provided with several avenues for doing so, including her manager, human resources and a toll-free 'Complaint Helpline' and that she never took advantage of any of these avenues to report harassment. Except as expressly admitted herein, defendant denies paragraph 17 as alleged.

18.     Defendant denies the averments of paragraph 18.

19.     Defendant admits that it distributed a harassment policy to its employees. Except as expressly admitted herein, Defendant denies the averments of paragraph 19.

20.     Defendant admits that Mr. Phillips did not report any harassment to human resources, as set out in the harassment policy. Defendant denies that there were any acts of harassment and that Mr. Phillips was made aware of any harassment. Thus, there was nothing for Mr. Phillips to report to human resources. Except as expressly admitted herein, defendant denies paragraph 20 as alleged.

21.     Defendant denies the averments of paragraph 21 and specifically denies that there was any harassment and that Mr. Phillips was made aware of any harassment.

22.     Defendant denies the averments of paragraph 22.

23.     Defendant denies the averments of paragraph 23.

24.     Defendant admits the averments of paragraph 24.

## CAUSES OF ACTION

25.     Defendant incorporates its responses to paragraphs 1 through 24 as if fully set forth herein.

**COUNT I – DISABILITY DISCRMIINATION UNDER 42 U.S.C.A. § 12101, et seq.**

26.     Defendant denies the averments of paragraph 26.

27. Defendant denies the averments of paragraph 27.

28. Defendant denies the averments of paragraph 28.

29. Defendant denies the averments of paragraph 29.

30. Defendant denies the averments of paragraph 30.

31. Defendant admits that Plaintiff resigned her position. Except as expressly admitted herein, Defendant denies the averments of paragraph 31.

32. Defendant denies the averments of paragraph 32.

33. Defendant denies the averments of paragraph 33.

## PRAYER FOR RELIEF

In response to the "WHEREFORE" paragraph, including the sub-paragraphs therein, Defendant denies that Plaintiff is entitled to the requested relief or to any relief whatsoever.

Except to the extent expressly admitted herein, Defendant denies the allegations of the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim against Defendant, including pursuant to the Americans with Disabilities Act ("ADA"), for which relief can be granted.

2. Some or all of the Plaintiff's claims are barred by the doctrine of laches and/or the applicable statutes of limitations.

3. Some or all of the Plaintiff's claims are barred by the doctrines of estoppel, waiver and/or res judicata.

4. Some or all of the Plaintiff's claims are barred because of her failure to satisfy the administrative prerequisites of the ADA.

5. Some or all of the Plaintiff's claims are barred because of her failure to make them the subject of a timely charge of discrimination.

6. Some or all of the Plaintiff's claims are barred because they are outside the scope of the Plaintiff's charge of discrimination filed with the EEOC.

7. Plaintiff was an employee-at-will of Defendant.

8. Defendant avers that all personnel actions taken by Defendant with respect to the Plaintiff were taken for legitimate, non-discriminatory reasons.

9. Plaintiff is not a qualified individual with a disability within the meaning of the ADA.

10. Even should the finder of fact determine that any alleged disability played any part in the Defendant's personnel actions regarding the Plaintiff, Defendant avers that such actions would have been taken in any event for legitimate, non-discriminatory reasons.

11. Some or all of the claims alleged in the Complaint and/or the relief sought are foreclosed because the Plaintiff is guilty of unclean hands.

12. Some or all of the claims alleged in the Complaint and/or the relief sought are foreclosed because the Plaintiff has not done equity.

13. Some or all of the Plaintiff's claims are barred by the doctrines of ratification, consent and/or acquiescence.

14. Some or all of the Plaintiff's claims are barred by the doctrines of release and accord and satisfaction.

15. Defendant is not liable because it acted in good faith in conformity with applicable rules, regulations and/or statutory interpretations.

16. Defendant is not liable for the activities alleged because it had in place an appropriate policy against harassment and an adequate procedure to receive and remedy complaints.

17. Even if the finder of fact determines that conduct constituting harassment occurred, Defendant did not know and had no reason to know of such conduct.

18. Plaintiff failed to utilize Defendant's appropriate policy and procedure regarding the reporting of complaints of harassment.

19. Even if the Plaintiff could establish that conduct constituting harassment occurred, Defendant cannot be held liable for any such alleged conduct as it exercised reasonable care to prevent and correct promptly any allegedly harassing behavior and the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

20. Plaintiff's claims are barred by the doctrine of after-acquired evidence.

21. Plaintiff has failed to properly mitigate her claimed damages.

22. Plaintiff fails to state a claim against the Defendant that would warrant the award of punitive damages.

23. The Plaintiff is not entitled to punitive damages as none of the actions taken by the Defendant relative to the Plaintiff were taken maliciously, intentionally, in bad faith or with callous or reckless disregard for the federally protected rights of the Plaintiff.

24. Defendant reserves the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

                                                          s/ Ashley H. Hattaway
                                                          Jennifer M. Busby (BUS009)
                                                          Ashley H. Hattaway (HAT007)
                                                          Attorneys for Defendant

**OF COUNSEL**:

BURR & FORMAN LLP
3400 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

     I hereby certify that on December 31, 2007, I electronically filed the foregoing Defendant's Answer and Defenses to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Keith A. Nelms
The Law Office of Jay Lewis
P.O. Box 5059
Montgomery, Alabama 36103-5059

                                                          s/ Ashley H. Hattaway
                                                          OF COUNSEL