IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA GILLIAND, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )    Civil Case No.: CV-2007-1076-WKW |
| | ) |
| SERVICEMASTER, doing business as | ) |
| TERMINIX INTERNATIONAL, | ) |
| | ) |
|     Defendant. | ) |

**REPORT OF THE PARTIES' PLANNING MEETING**

1. **Appearances.** Pursuant to Fed. R. Civ. P. 26(f), a teleconference was held on January 28, 2008 among the following participants:

   **Andy Nelms**
   Anderson Nelms & Associates, LLC
   847 So. McDonough Street, Suite 100
   Montgomery, Alabama 36104
   Attorney for Plaintiff

   **Ashley H. Hattaway**
   BURR & FORMAN LLP
   3400 Wachovia Tower
   420 North 20th Street
   Birmingham, Alabama 35203
   Attorney for Defendant

2. **Pre-Discovery Disclosures.** The parties will exchange by **February 19, 2008**, the information required by Fed. R. Civ. P. 26(a)(1).

3. **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

   a. Discovery will be needed on the following subjects:

      1. All information pertaining to Plaintiff's claims and alleged damages.

      2. All information pertaining to Defendant's defenses and alleged liability.

      b.      Disclosure of or discovery of electronically stored information will be handled as follows: The parties will take reasonable measures to preserve relevant electronic information. Specifically, the defendant will preserve documents regarding the plaintiff's claims in this case created by or sent to the decisionmakers during the plaintiff's employment with Terminix, to the extent they exist. Other information will be preserved in accordance with the defendant's document retention plan. Any electronic information produced will be produced in hard copy, unless otherwise agreed by the parties or ordered by the Court.

      c.      The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production as follows: Disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy.

      d.      All discovery commenced in time to be completed by **October 31, 2008**.

      e.      There will be a maximum of **25** interrogatories by each party to any other party. The responses will be due 30 days after service.

      f.      There will be a maximum of **40** requests for production of documents by each party to any other party. The responses will be due 30 days after service.

      g.      There will be a maximum of **25** requests for admission by each party to any other party. Responses will be due 30 days after service.

      h.      The parties agree that no more than **8** depositions may be taken by a party without leave of the court or agreement of the parties. Each deposition is limited to a maximum of 7 hours unless extended by agreement of the parties.

      i.      Reports from retained experts under Rule 26(a)(2) will be due from Plaintiff by **August 29, 2008**, and from Defendant by **September 30, 2008**.

    j.    Supplementation of the disclosures under Rule 26(e) will be due within 30 days after party discovers need to supplement and no later than 30 days prior to discovery cutoff.

4. **Other items.**

    a. **Scheduling Conference**
    The parties **do not** request a conference with the court before entry of the scheduling order.

    b. **Pretrial Conference**
    The parties request a pretrial conference four to six weeks prior to trial.

    c. **Additional Parties, Claims and Defenses**
    Plaintiff should be allowed until **April 30, 2008** to join additional parties or to amend the pleadings. Defendant should be allowed until **May 30, 2008** to join additional parties or to amend the pleadings.

    d. **Dispositive Motions**
    All potentially dispositive motions should be filed ninety (90) days prior to the Pretrial Conference**.**

    e. **Settlement**
    Settlement and the possibility of Alternative Dispute Resolution cannot be evaluated until some discovery is complete.

    f. **Trial Evidence**
    The final list of witnesses and trial evidence under Rule 26(a)(3) should be due **six weeks** before trial. The parties should have **14 days** after service to list objections under Rule 26(a)(3).

    g. **Trial Date**
    This case should be ready for trial by **March 16, 2009**, and at this time is expected to take approximately **3-5 days** of trial time.

Date:  January 28, 2008

| | |
|---|---|
| /s/ Andy Nelms | /s/ Ashley H. Hattaway |
| Keith Anderson Nelms (NEL022) | Ashley H. Hattaway (HAT007) |
| Anderson Nelms & Associates, LLC | BURR & FORMAN LLP |
| 847 So. McDonough Street, Sutie 100 | 3400 Wachovia Tower |
| Montgomery, AL 36104 | 420 North 20th Street |
| Phone: 334-263-7733 | Birmingham, Alabama 35203 |
| Fax: 334-832-4390 | |
| andynelms@andersonnelms.com | |
| ASB-6972-E63K | |