IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PATRICIA GILLIAND, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO: 2:07cv1076-WKW |
| | ) |
| SERIVICEMASTER, doing business as | ) |
| TERMINIX INTERNATIONAL | ) |
| | ) |
| DEFENDANT. | ) |

**PROTECTIVE ORDER**

Now pending before the court is the parties' joint motion for a protective order (doc. # 13).  Upon consideration of the motion, and for good cause, it is

ORDERED that the motion for a protective order (doc. # 13) be and is hereby GRANTED.  It is further

ORDERED that the parties are hereby granted the right, upon compliance with the applicable provisions of the Federal Rules of Civil Procedure and the orders of this court, to obtain from any health care provider, health plan, or other entity covered by the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"), any and all information relating to the past, present, or future physical condition of any individual who is a party to this action (or the decedent or ward of a party who sues in a representative capacity), as well as any and all information relating to the provision of health care to such individual and payment for the provision of such health care.

      This Protective Order is intended to help the parties, and third parties who receive subpoenas from the parties, to comply with and authorize such disclosures under the privacy regulations issued pursuant to HIPAA, 45 C.F.R. § 164.512(e), as a "Qualified Protective Order" under that regulation, subject to timely objection under the notice provisions Federal Rules of Civil Procedure. This order authorizes any third-party who is provided with a subpoena requesting the production of documents or commanding attendance at deposition or trial to disclose the Protected Health Information in response to such request or subpoena.

      The parties are expressly prohibited from using or disclosing the protected health information obtained pursuant to this order for any purpose other than this action. Further, the parties are ordered to either return to the covered entity from whom or which such protected health information was obtained, or to destroy the protected health information (including all copies made), immediately upon conclusion of this action. *See* 45 C.F.R. §§ 163.502(b); 164.512(e)(1)(v).

      Done this 11th day of January, 2008.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE